### EX PARTE MAUDIE KIMBERLIN v. THE STATE.

No. 9733.    Delivered October 14, 1925.

**1.—Habeas Corpus—Juvenile, Entitled to Bail.**

This is an original habeas corpus presented to this court by Maudie Kimberlin, a juvenile, charged in the District Court of Hunt County, sitting as a juvenile court, with being a delinquent child. Relator had been convicted upon a trial held in said court, and ordered delivered to the Girls Training School at Gainesville, and was so delivered. Subsequently she filed a motion for a new trial, which was granted, but she was still *held* in Gainesville and denied bail, pending the final determination of the case against her, in Hunt county. This proceeding is brought to secure bail, pending final disposition of her case.

**2.—Same—Continued—Statute Construed.**

Under Art. 1200 C. C. P., and under Art. 1 Sec. 11, Constitution of this State, she is entitled to bail, pending the final hearing and determination of said charge against her, and it is the order of this court that relator be released on bail in the sum of Five Hundred dollars, to answer the charge of being a delinquent child, pending against her in the district court of the eighth judicial district, sitting as a Juvenile Court in Hunt County.

An original Habeas Corpus proceeding filed in this court, by Relator to secure bail, pending her trial under a charge of being a delinquent child, pending in Hunt county. Bail granted in the sum of $500.00.

*McMahan & Dohoney,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State Attorney for the State.

BERRY, JUDGE.—On the 19th day of August, A. D. 1925, the relator filed in this Court her petition for the writ of *habeas corpus* wherein she alleges that she was illegally restrained of her liberty un-

der certain proceedings of the Court of the Eighth Judicial District of Texas, sitting as a juvenile Court in Hunt County, Texas, and that by reason of the orders of said Court she was then incarcerated in the Girls Training School at Gainesville, Cook County, Texas.

Relator further alleges in said petition that on the third day of August, 1925, complaint was filed against her charging her with delinquency and upon this complaint information was filed in said Court on the same date; and that relator's father filed an answer to said complaint showing among other things that he was her natural guardian and entitled to her custody and able to take care of and properly care for her, and requested the court to make an order restoring relator to his custody and care; that the County Attorney of Hunt County replied to said answer and alleged that the said father of this relator was not a proper person to have her care and custody; that on August 11, 1925, said District Court sitting as a Juvenile Court, tried relator without a jury and ordered her committed to the custody of the State Training School for Girls of the State of Texas for an indeterminate period not exceeding four years and the Sheriff of Hunt County was ordered to immediately convey her to said Training School for Girls at Gainesville. That relator filed a motion for a new trial in said proceedings and on the 15th day of August, 1925, the Court granted the motion and set aside the aforesaid judgment and set the case down for further hearing, and ordered that relator be placed by the Sheriff of Hunt County in the care and custody of the Girls Training School at Gainesville, Texas, until the date set for further hearing and appointed Mrs. Lillian Thurman with her husband, George Thurman, to accompany relator to Gainesville to said Training School, and that the said George Thurman is a deputy sheriff of Hunt County. Relator further alleged that after granting said motion for a new trial she presented a motion to the Court requesting that she be granted bond and for an order of the Court fixing the amount of bond for her appearance at said hearing, which said motion was by the court overruled and relator denied bond. From this order denying her bond, relator excepted and gave notice of appeal to this court, and the present action is one in which the appellant seeks bond pending a further hearing on the charges against her in the Juvenile Court. On the 19th day of August, 1925, the Hon. W. C. Morrow, Presiding Judge of this Court, made and entered an order to the effect that it appearing that the relator, Maud Kimberlin, a female under the age of eighteen years is charged by complaint with being a delinquent child, undr the provisions of Title 17, of the provisions of the C. C. P., and she has applied to the Judge having jurisdiction for bail pending trial, under Art. 1200, C. C. P., which provides that any delinquent child shall have the right to give bond or other security for its presence at such trial of such case

and it also appearing from the record filed in this Court that from an order denying bail pending hearing, she has appealed to this Court for a revision of the same and that she has applied to this Court by way of application for writ of *habeas corpus* for relief against confinement pending a decision of the appeal mentioned. And it was further ordered by the Presiding Judge of this Court on the said 19th day of August, 1925, that the Sheriff of Hunt County, the Superintendent of the State Training School for Girls at Gainesville, Texas, and the persons having control and ˙custody of said alleged delinquent show cause, if any, why the writ applied for should not be granted; and it was the further order of the said Presiding Judge of this Court that relator be released on bail in the sum of five hundred dollars to be secured by two or more good sufficient sureties and approved by the Sheriff of Hunt County, conditioned that the relator will abide and perform the judgment of this Court or any Judge thereof upon the hearing of said application for writ of *habeas corpus*.

The said application for writ of *habeas corpus* is now before this court for final hearing and determination, and, it appearing that no good and sufficient reason has been shown why the relator should not be admitted to bail pending the final decision of the case against her in the district court of Hunt Count sitting as a Juvenile Court, and it further appearing that under Art. 1200 C. C. P., and under Art. 1, Sec. 11 of the Constitution of this State she is entitled to bail pending the final hearing and determination of said charge against her, it is the. order of this Court that the relator be released on bail in the sum of five hundred dollars to be secured by two or more good and sufficient sureties and approved by the Sheriff of Hunt County, and conditioned that the relator will make her personal appearance before the district court of the Eighth Judicial District of Texas sitting as a Juvenile Court in Hunt County, Texas, to answer the charges filed against her wherein she is charged by information with being a delinquent child and their remain from day to day and term to term until discharged by law.

*Bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of ·Criminal Appeals and approved by the Court.